DJS/JRB: USAO2014R00561

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. PJM 15cr488 |
| MICHAEL PARRY, | * (Wire Fraud, 18 U.S.C. § 1343; |
| | * Money Laundering, 18 U.S.C. § 1957) |
| Defendant | * |

*******

## INFORMATION

### COUNT ONE

The United States Attorney for the District of Maryland charges that:

#### Introduction

1. At all times relevant to this Information, defendant **MICHAEL PARRY** was an executive of American Registry of Pathology ("ARP"), a 501(c)(3) corporation with offices in Camden, Delaware, among other places. Among other things, ARP funded fellowships and research studies in pathology.

2. Defendant **PARRY** was also an executive with the International Registry of Pathology ("IRP"), a Maryland non-profit 501(c)(3) organization. IRP promoted the study of pathology on an international scale, particularly by supporting pathologists and pathology students in less-developed countries.

3. At various times relevant to this Information, defendant **PARRY** had authority to direct payment to ARP's vendors from ARP's accounts, including a Bank of America account, with account number xxxx-xxxx-4084, held by ARP.

4. At various times relevant to this Information, defendant **PARRY** was in control of

various IRP bank accounts, including at least one account at PNC Bank in Silver Spring, Maryland, with account number xx-xxxx-7749, held by IRP.

5. At various times relevant to this Information, defendant **PARRY** was in control of a Wells Fargo Bank, N.A. bank account, with account number xxx-xxxx-8694, held jointly in the name of defendant **PARRY** and another person.

### The Scheme and Artifice to Defraud

6. Between on or about February 17, 2010 and on or about April 21, 2014, in the District of Maryland and elsewhere, the defendant,

### MICHAEL PARRY,

devised and intended to devise a scheme and artifice to defraud ARP and to obtain money and property from it by means of false and fraudulent pretenses, representations and promises ("the scheme to defraud").

### Means and Method of the Scheme and Artifice to Defraud

7. It was a part of the scheme to defraud that defendant **PARRY** directed the payment of money from an ARP account to an IRP account by wire transfers.

8. It was a further part of the scheme to defraud that defendant **PARRY** falsely represented to employees and members of the board of directors of ARP that the wire transfers were related to medical studies, research grants, or other activities of the sort normally funded by ARP.

9. It was a further part of the scheme to defraud that defendant **PARRY** would cause the funds transferred by wire to IRP to be transferred again to a personal account over which he exercised control.

10. It was a further part of the scheme to defraud that defendant **PARRY** would

fabricate documents to justify the fraudulent payments from ARP to IRP in the event he was challenged by ARP's auditors.

11. It was a further part of the scheme to defraud that defendant **PARRY** provided doctored invoices to ARP's auditors when the auditors inquired about particular transactions.

12. It was a further part of the scheme to defraud that defendant **PARRY** would fabricate wire transfer documents, purportedly sent by fax from Bank of America, that falsely showed payment in the relevant amounts were made directly from ARP's accounts at Bank of America to legitimate ARP vendors or educational institutions.

### Execution of the Scheme to Defraud

13. On or about February 23, 2012, in the District of Maryland and elsewhere, the defendant

**MICHAEL PARRY,**

for purposes of executing and attempting to execute the scheme to defraud, did knowingly cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals and sounds; that is, an electronic wire communication over telephone lines from the ARP account with the Bank of America in New York, New York, to IRP's PNC bank account in Silver Spring, Maryland, by representing to members of ARP's board of directors that certain funds would fund educational fellowships, when defendant **PARRY** knew that the funds would be converted to his personal use.

18 U.S.C. § 1343

## COUNT TWO

The United States Attorney for the District of Maryland further charges that:

1. Paragraphs 1 through 12 of Count One are incorporated here.

2. On or about February 24, 2012, in the District of Maryland and elsewhere, the defendant,

**MICHAEL PARRY,**

knowingly engaged and attempted to engage in a monetary transaction in and affecting interstate commerce in criminally derived property that was of a value greater than $10,000 and was derived from specified unlawful activity, to wit, wire fraud, in that defendant **MICHAEL PARRY** did cause $44,635.56 to be transferred from a PNC account in Silver Spring, Maryland held by IRP to a Wells Fargo Bank, N.A. account in Washington, D.C. under defendant **PARRY's** control.

18 U.S.C. § 1957

Rod J. Rosenstein
United States Attorney

9/4/2015
Date

4