IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND (Greenbelt)

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \* | |
| v. | \* | **Criminal Case No. PJM-15-0488** |
| **MICHAEL PARRY,** | \* | |
| | \* | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEFENDANT MICHAEL PARRY'S REPLY TO THE
GOVERNMENT'S LETTER IN ADVANCE OF SENTENCING**

Defendant Michael Parry filed a memorandum in aid of sentencing in the above-captioned case on January 15, 2016. The government filed a response on January 22, 2016, to which Mr. Parry responds herein.

**I.   The Guideline Offense Level**

In its letter to the Court, the government points out that the guideline offense level in the plea agreement is 25 whereas the guideline level in the Presentence Report ("PSR") is 24. After reviewing the plea agreement, defendant agrees that the offense level in the plea agreement is 25.

Mr. Parry submits, however, that the court should evaluate his sentence in light of the law and the relevant facts, including his personal history and the extraordinary cooperation and restitution that occurred in this case, to determine not what the guideline range is, but rather what Mr. Parry's sentence should be.

**II.   Downward Departure and Variance Request
Based on Extraordinary Cooperation and Extraordinary Restitution**

Surprisingly, the government argues that paying restitution in the amount of $2,231,466.60 to the victim in this case prior to sentencing is not extraordinary. Even where that amount exceeds the restitution amount agreed to by the government by almost $32,000. This

position ignores Mr. Parry's many actions in this case. It is these actions, born of remorse, which show both extraordinary cooperation and extraordinary restitution on the part of Defendant. And it is these actions on which Defendant relies in asking this Court for a two level downward departure under the guidelines and for a variance.

  A. <u>Mr. Parry's Actions Have Shown Extraordinary Cooperation and Restitution</u>

  Mr. Parry has been trying to understand and repent for his actions for the last seventeen months. In June of 2014, he confessed his actions to Dr. Garvin. The following day he hired undersigned counsel and began putting together binders of documents so that he could reveal the full extent of his fraud to ARP. On July 11, 2014 he met with counsel for ARP and disclosed the extent of his actions to them in detail, including explaining how the funds were transferred and re-routed for his personal use. He also created a detailed list for ARP of each transaction and made copies of his personal bank statements available to ARP's counsel. Mr. Parry did all this despite the fact that ARP made no assurances as to whether they would report his actions to law enforcement.

  Mr. Parry and his counsel continued to work with ARP throughout the summer and fall of 2014 to help ARP learn the exact amount of their loss. Mr. Parry also began his efforts to repay ARP during this time. On August 13, 2014, when his pension fund from ARP first became available to him, Mr. Parry initiated its full withdrawal to try to begin to make ARP whole. As soon as an outside third party made the funds available to him, on August 22, 2014, Mr. Parry wired $450,000 ($435,000 in pension funds plus an additional $15,000 to ARP).  Between August of 2014 and January 14, 2016, Mr. Parry worked to liquidate assets, including properties that he prepared for sale and put on the market, in order to pay the remainder of the restitution amount of $2,231,466.60 to ARP.

B.      **T**his Court Should Grant Mr. Parry a Downward Departure of Two Levels and a Variance Based on His Extraordinary Cooperation and Restitution

Pursuant to 5K2.0 of the sentencing guidelines, "The sentencing court may depart from the applicable guideline range if – (A) …there exists an aggravating or mitigating circumstance…of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described." For example, "[a] departure may be warranted in the exceptional case in which there is present a circumstance that the Commission has not identified in the guidelines but that nevertheless is relevant to determining the appropriate sentence." See U.S.S.G. § 5K2.0(2)(B). Extraordinary or exceptional cooperation and restitution are two such factors which are nonetheless relevant and which are present in this case to an exceptional degree.

Appellate courts have long upheld downward departures based on extraordinary cooperation. In U.S. v. Kim, 364 F.3d 1235, 1244-1245 (2004) the 11th Circuit noted that it was joining the "Third, Fourth, Sixth, Seventh, Eighth, and Ninth Circuits" to "hold that extraordinary restitution is not a prohibited factor" for a court to consider in supporting a downward departure. In Kim, the court upheld a downward departure from 24 months to probation and home detention for extraordinary restitution where defendant went to significant lengths to pay full restitution prior to sentencing. Similarly in U.S. v. Oligmueller, 198 F.3d 669, 672 (1999) the 8th Circuit affirmed a downward departure based on extraordinary restitution where defendant paid back money prior to indictment. See also U.S. v. Curry, 523 F.3d 436, 441 (4th Cir. 2008) (attempted restitution on the part of defendant resulted in a 2 level departure and a sentence of 5 months below the guidelines range for defendant's mail fraud and wire fraud convictions).

After <u>United States v. Booker</u>, 543 U.S. 220 (2005) rendered the guidelines "advisory" rather than mandatory, appellate courts have employed an abuse of discretion standard and "substantively review sentences only for 'unreasonableness.'" <u>U.S. v. Gardellini</u>, 545 F.3d 1089, 1092 (D.C.Cir. 2008) citing <u>Booker</u> at 264. In <u>Gardellini</u>, the D.C. Circuit upheld the district court's below guidelines sentence where among other things the defendant paid restitution before sentencing. Given the precedent of many sister courts granting downward departures for extraordinary restitution and cooperation and the facts in this case, the downward departure sought by Mr. Parry is clearly reasonable.

### III. The Court Should Ignore the Government's Specious Argument Regarding Interest

The government argues that the restitution amount paid by Mr. Parry "did not attempt to capture the interest …or to calculate the return on any investment traceable to or made possible by Defendant's fraud." (See Government's Letter at 2). This allegation is without merit. There is no evidence that Mr. Parry invested the money at issue and if the government had such evidence it should have included the additional amount in its plea discussions. Because this assertion is baseless and without any evidentiary support, we ask this Court to simply ignore it.

### IV. The Court Should Follow the Probation Department's Recommendation Regarding Supervised Release

The government is seeking a longer period of supervised release than recommended by the U.S. Probation Office. Specifically, in the PSR, the probation department states that if Mr. Parry were to pay the entire amount of restitution prior to sentencing, the recommendation would be for only one year of supervised release. As noted above, Mr. Parry has paid the entire restitution amount and then some.

There is no justification for the three years of supervised release suggested by the government. One reason for a longer period of supervised release might be to extend the court's supervisory power over a defendant while for example he completes paying restitution. Given Mr. Parry's full and complete payment of restitution, his personal characteristics and the fact that he has had no prior contact with the criminal justice system, one year of supervised release should be sufficient.

## V.     Conclusion

As noted in his Memorandum in Aid of Sentencing, Mr. Parry respectfully requests that this Court, in light of the factors set forth under 18 U.S.C. § 3553(a), grant his request for a downward departure and a variance from the adjusted guidelines level, and sentence him to a period of probation with conditions to include: obtaining and/or continuing substance abuse counseling; continuing to pursue his education; and continuing to perform community service.

In the alternative, Mr. Parry requests that this Court sentence him to a term of home confinement with the same conditions.

If this Court were to deny Mr. Parry's requests and impose a term of incarceration, we would respectfully request that this Court's order include a judicial recommendation to the BOP that Mr. Parry serve his sentence at Pensacola and that he be evaluated for and accepted into the RDAP at that facility.

A letter from Peggy Parry, Mr. Parry's wife is attached as Exhibit A. A letter from Mr. Parry's counselor Dr. Anthony J. Schefstad will be filed separately under seal as Exhibit B.

Respectfully submitted,

Date:  January 26, 2016                /s/_____
Julie Grohovsky
WU, GROHOVSKY & WHIPPLE
Ronald Reagan Bldg. & ITC
1300 Pennsylvania Ave., .W.
Washington, D.C. 20004
Telephone: 202-204-3053


Gina L. Simms, Bar No. 15756
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
1401 H Street, NW, 5th Floor
Washington, DC  20005
Telephone:  202-326-5030

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that this 26th day of January, 2016, a copy of the foregoing Memorandum in Aid of Sentencing was sent electronically through the CM/ECF system to attorneys of record, and also mailed to:

Joseph Baldwin, Esq.
David Salem, Esq.
Assistant United States Attorneys
U.S. Attorney's Office – District of Maryland (Greenbelt Division)
640-6 Ivy Lane Ste 800
Greenbelt, MD 20770


/s/ _____
Julie Grohovsky